UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| CELESTE PRETENDS EAGLE, Individually and As Special Administrator/Personal Representative of the ESTATE OF JAYLENE PRETENDS EAGLE AND W.R.E., JR., and ANNIE RED ELK, Individually and As Special Administrator/Personal Representative of the ESTATE OF WAYLON RED ELK, SR., | ) ) ) ) ) ) ) ) ) | Civ. No.:   22-cv-5083 |
| Plaintiffs, | ) ) | **COMPLAINT** |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

COMES NOW the Plaintiffs, Celeste Pretends Eagle, Individually and as Special Administrator of the Estate of Decedent Jaylene Pretends Eagle-Red Elk and Decedent W.R.E.J. (a minor child), and Annie Red Elk, Individually and as Special Administrator of the Estate of Decedent Waylon D. Red Elk, Sr., by and through the undersigned attorneys, and for their complaint against the Defendant, states and alleges as follows:

1. Plaintiff Celeste Pretends Eagle is a duly enrolled member of the Oglala Sioux Tribe and is a Native American Citizen and the natural sister of Jaylene Pretends Eagle-Red Elk, Deceased, who also was an enrolled member of the Oglala Sioux Tribe.

2. Decedent W.R.E.J, was the natural born child to Jaylene

1

Pretends Eagle-Red Elk and Waylon D. Red Elk, Sr., and the natural nephew of Plaintiff Celeste Pretends Eagle, and was a duly enrolled member of the Oglala Sioux Tribe and was a Native American Citizen.

3. Plaintiff Annie Red Elk is a duly enrolled member of the Oglala Sioux Tribe and is a Native American Citizen and the natural mother of Waylon D. Red Elk, Sr., Deceased, was also an enrolled member of the Oglala Sioux Tribe.

4. At all times relevant to this action, Plaintiff Celeste Pretends Eagle resided in Rapid City, Pennington County, South Dakota, and Plaintiff Annie Red Elk, resided in Wanblee, Oglala Lakota County, South Dakota. The Decedents all resided in Wamblee, South Dakota at the time of their deaths. The subject motor vehicle accident occurred on BIA Highway 27, near Porcupine, in Oglala Lakota County, South Dakota, in southwestern South Dakota within the exterior boundaries of the Pine Ridge Indian Reservation. Plaintiff Celeste Pretends Eagle was appointed as the Special Administrator/Personal Representative of the Estate of Jaylene Pretends Eagle-Red Elk (her deceased sister) and W.R.E.J., in Oglala Sioux Tribal Court on or about August 19, 2021. Plaintiff Celeste Pretends Eagle's mother, Phyllis Wilcox, deceased, was the initial Estate Representative for Decedent Jaylene Pretends Eagle and her minor child before Phyllis Wilcox died in 2021. Plaintiff Annie Red Elk was appointed as the Special Administrator/Personal Representative of the Estate of Waylon D. Red Elk, Sr., in Oglala Sioux Tribal Court on or about October 30, 2018.

5. At all relevant times herein mentioned, tortfeasor Tyler Makes Him First, resided in Oglala, Oglala Lakota County, South Dakota and was an employee of the Oglala

Sioux Tribe (O.S.T.) Department of Public Safety in its Corrections Department. To Plaintiffs' best knowledge and belief, Defendant Oglala Sioux Tribe Department of Public Safety is located in Pine Ridge, within the exterior boundaries of the Pine Ridge Indian Reservation.

## JURISDICTION

6.     The amount in controversy exceeds the jurisdictional requirements of this Court, and venue is proper in this Court in that this action arose near Porcupine or Kyle, Oglala Lakota County, South Dakota, within the exterior boundaries of the Pine Ridge Sioux Indian Reservation.  This action is brought, and the Court has both personal and subject matter jurisdiction in this matter pursuant to 28 U.S.C. Section 1346(b) and the Federal Tort Claims Act, 28 U.S.C. Section 2671, et seq., as amended an`d Pub. L. No. 103-138, Tit 111, § 308, Nov. 11, 1993, 107 Stat. 1416.  On July 24, 2019, Claimants submitted FTCA Administrative claims on behalf of the Estates of all Decedents based upon the allegations herein, to the OST Department of Public Safety and its Department of Corrections.  Those Federal Tort Claims were denied on March 16, 2021.  Claimants filed for a Reconsideration on September 15, 2021, which was denied on April 1, 2022.  (See **Exhibit A**, attached).  Plaintiffs were therefore, authorized to bring suit in federal court under the FTCA.

## COUNT I – NEGLIGENCE

7.     On or about November 4, 2017, Defendant the United States, by and through ts agency, the OST Department of Public Safety's (O.S.T. Public Safety Department, Department of Corrections) employee Tyler Makes Him First, a federal

3

official, was traveling northbound on BIA 27, near Porcupine, South Dakota. Makes Him First was driving a Nissan Titan Truck, and before getting into and driving his vehicle, Makes Him First had been drinking alcohol and was heavily intoxicated. As the tortfeasor driver Makes Him First was driving his vehicle on BIA 27, just north of the Evergreen housing, Makes Him First crossed the center line on the highway, crossing into the southbound lane of traffic and Makes Him First's vehicle struck a Lexus sedan traveling southbound. The Lexus sedan was being driven by Decedent Waylon D. Red Elk, Sr.. Decedent Waylon D. Red Elk, Sr.'s wife, Decedent Jaylene Pretends Eagle-Red Elk, and their son, Decedent W.R.E.J., were front seat passengers in the Lexus Sedan. Decedent Jaylene Pretends Eagle-Red Elk was also 7 ½ months pregnant.  It is alleged that Defendant federal official employee Makes Him First, had been using alcohol previously, at an employee sponsored and attended drinking party/gathering, shortly before driving, and being involved in the subject collision.

8. Plaintiffs allege that Defendant United States, by and through its employers and/or supervisors and/or managers, of the O.S.T. Department of Safety, and Department of Corrections, on and/or before Makes Him First's negligent drunken driving, were negligent in their own right by supplying, providing, giving, and/or presenting, intoxicating beverages to their own employee Makes Him First, prior to, and immediately before, at an employer's sponsored/attended event/gathering, and then by allowing Makes Him First to leave said party/event/gathering in a vehicle near Porcupine, SD, in a obvious and dangerous drunken condition, all prior to the fatal

collision which occurred shortly thereafter.

9. Decedents Waylon D. Red Elk, Sr., Jaylene Pretends Eagle-Red Elk, and W.R.E.J. and the unborn child, were all killed as a direct result of the crash.

10. As a direct and proximate result of the Defendant's and Defendant United States' employees' breach of duty, Decedent Waylon D. Red Elk, Sr., suffered imminent and fatal bodily injuries, medical expenses in excess of $2,000.00 and funeral expenses in excess of $5,000.00. Plaintiff Annie Red Elk suffered bodily injuries due to the stress of losing her son, including, but not limited to past physical and emotional injuries, loss of companionship, pecuniary loss, costs of medical treatment for such injuries, and future physical and emotional pain and suffering, grief, shock, worry, negligent infliction of emotional distress, loss of enjoyment of life, and other consequential damages. The Estate suffered damages in that the Estate's claims for survival, fear, anxiety, horror, mortal pain and anguish from imminent death, and the same medical and funeral expenses, as referenced above.

11. As a direct and proximate result of the Defendant's and Defendant United States' employees' breach of duty, Decedent W.R.E.J., suffered imminent and fatal bodily injuries, medical expenses in excess of $2,000.00 and funeral expenses in excess of $5,000.00. Plaintiff Celeste Pretends Eagle suffered bodily injuries due to the stress of losing her nephew, including, but not limited to past physical and emotional injuries, loss of companionship, pecuniary loss, costs of medical treatment for such injuries, and future physical and emotional pain and suffering, grief, shock, worry, negligent infliction of

emotional distress, loss of enjoyment of life, and other consequential damages. The Estate of Jaylene Pretends Eagle suffered damages in that the Estate's claims for survival, fear, anxiety, horror, mortal pain and anguish from imminent death, and the same medical and funeral expenses, as referenced above.

12. As a direct and proximate result of the Defendant's and Defendant United States' employees' breach of duty, Decedent Jaylene Pretends Eagle-Red Elk and her unborn child, suffered imminent and fatal bodily injuries, medical expenses in excess of $2,000.00 and funeral expenses in excess of $5,000.00. Plaintiff Celeste Pretends Eagle suffered bodily injuries due to the stress of losing her sister, including, but not limited to past physical and emotional injuries, loss of companionship, pecuniary loss, costs of medical treatment for such injuries, and future physical and emotional pain and suffering, grief, shock, worry, negligent infliction of emotional distress, loss of enjoyment of life, and other consequential damages. The Estate suffered damages in that the Estate's claims for survival, fear, anxiety, horror, mortal pain and anguish from imminent death, and the same medical and funeral expenses, as referenced above.

## COUNT II – PUNITIVE DAMAGES

Plaintiffs specifically incorporate Paragraphs 1-12, inclusive, as if set forth in full.

13. In doing all the things herein alleged, and specifically as to Plaintiffs' claims of gross negligence, i.e. employee operating a vehicle with a high degree of alcohol intoxication against Defendant, United States, the Defendant's employee Makes Him First acted intentionally, recklessly, vexatiously, oppressively and/or maliciously, and is guilty of a wanton and reckless disregard of the humanity, common

law, statutory and human rights of the Decedents, and their very lives.

14.   Plaintiffs are entitled to punitive damages against Defendant United States by and through its federal officials, employed with the O.S.T. Department of Public Safety and its Department of Corrections, including Makes Him First and Makes Him First's supervisors/managers/bosses, for their past gross negligence, and as the only way of deterring Defendant from continuing to employ these wrongful, wilfull, intentional, unreasonable and vexatious tactics against other persons.

WHEREFORE, Plaintiffs pray for judgment, jointly and severally, and individually, against the Defendant and each of the individual Defendant's employees, as follows:

1. For the actual expenses incurred in the treatment of the injuries sustained by the Plaintiffs and the Estate of Jaylene Pretends Eagle, deceased, and her individual heirs, in excess of $4,500.00 in funeral expenses, and for Plaintiff Celeste Pretends Plenty, her damages for loss of companionship, loss of comfort, loss of support, loss of counsel, loss of advice, pecuniary loss, shock, worry, negligent infliction of emotional distress and grief in excess of $75,000.00, from the subject accident and for the actual expenses, attorney fees and costs, and prejudgment interest on medical bills and other special damages.

2. For the actual expenses incurred in the treatment of the injuries sustained by the Plaintiff, the Estate of W.R.E.J., deceased, in excess of $1,800.00 in funeral expenses, and for Plaintiff Celeste Pretends Eagle, her damages for loss of companionship, loss of comfort, loss of support, loss of counsel, loss of advice, pecuniary loss, shock, worry, negligent infliction of emotional distress and grief in excess of

$75,000.00, from the subject accident and for the actual expenses, attorney fees and costs, and prejudgment interest on medical bills and other special damages.

    3. For the actual expenses incurred by the Plaintiff, the Estate of Waylon D. Red Elk, Sr., deceased, in excess of $3,000.00 in funeral expenses, and for Plaintiff Annie Red Elk, her damages for loss of companionship, loss of comfort, loss of support, loss of counsel, loss of advice, pecuniary loss, shock, worry, negligent infliction of emotional distress and grief in excess of $75,000.00, from the subject accident and for the actual expenses, attorney fees and costs, and prejudgment interest on medical bills and other special damages.

    4. For such monetary compensation as shall fully compensate each of the Plaintiffs for the past, present and future pain, anguish, fear, anxiety, horror, loss of enjoyment of life, loss of companionship, loss of comfort, loss of support, grief, loss of counsel, loss of advice, pecuniary loss, mental pain and anguish, wrongful death and survivorship damages sustained by Annie Red Elk and Phyllis Wilcox, individually, and on behalf of the Estate to the date of trial and which is likely to continue into the future, in a sum to be determined by a jury in this case.

    5. For such monetary compensation as shall fully compensate each of the Plaintiffs Celeste Pretends Eagle, Annie Red Elk, the Estate of Waylon D. Red Elk, Sr., the Estate of Jaylene Pretends Eagle-Red Elk, the Estate of W.R.E.J., and all Estate heirs, for exemplary/punitive damages, in an amount to be determined by the jury.

    6. For any and all other relief that the Court deems just and equitable under the circumstances

DATED this 21ˢᵗ day of September 2022.

                                                          ZEPHIER & LAFLEUR, P.C.

                                  By:/s/ Robin L. Zephier
                                      Robin L. Zephier
                                      Attorney for Plaintiffs
                                      PO Box 9460
                                      2020 West Omaha Street
                                      Rapid City, South Dakota 57709
                                      (605) 342-0097

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CELESTE PRETENDS EAGLE, ANNIE RED ELK, ET AL

**DEFENDANTS**
THE UNITED STATES OF AMERICA

(b) County of Residence of First Listed Plaintiff: Oglala Lakota
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Robin L. Zephier, P.O. Box 9460, Rapid Citym, SD 57709, 605-342-0097

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [x] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1346 and 28 USC 2671

Brief description of cause:
MVA caused by government employee causing the deaths of the decedent plaintiffs, above.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 4,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE: 9-21-22

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: **federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.